IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELI DAVIS** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | **NO. 14-4160** |
| **v.** | : | |
| | : | |
| **JOHN E. WETZEL,** *et al.* | : | |
| *Respondents* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                  JANUARY 20, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

On July 8, 2014, Petitioner Eli Davis ("Petitioner"), incarcerated in the State Correctional Institution in Frackville, Pennsylvania, filed a counseled petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, averring that his constitutional due process and confrontation rights were violated by the ineffective assistance of trial counsel and the admission of certain evidence provided by Commonwealth witnesses Assistant District Attorney Carlos Vega, Philadelphia Police Officer Andrew Jericho, and Kalil Sephes at trial. [ECF 1]. By Order dated July 21, 2014, issued in accordance with Title 28 U.S.C. § 636(b) and Local Civil Rule 72.1.IV(c), the Honorable Mitchell S. Goldberg referred the *habeas corpus* petition to United States Magistrate Judge Marilyn Heffley ("the Magistrate Judge"), for a *Report and Recommendation* ("R&R").[1] [ECF 2]. On September 30, 2015, the Magistrate Judge issued an R&R, which recommended that the *habeas corpus* petition be denied. [ECF 11]. Petitioner filed timely objections to the R&R. [ECF 13]. Thus, this matter is ripe for a *de novo* determination of the objections to the report.

---

[1]     By Order dated March 29, 2016, this matter was reassigned to the undersigned. [ECF 15].

1

After a thorough and independent review of the state court record, the *habeas corpus* petition, the R&R, and Petitioner's specific objections, for the reasons stated herein, Petitioner's objections are overruled, the R&R is approved and adopted, and the petition for a writ of *habeas corpus* is denied.

**BACKGROUND**

On January 28, 2008, following a jury trial before the Honorable Shelley Robins New of the Court of Common Pleas of Philadelphia County, Petitioner was convicted of first-degree murder[2] and a violation of the Uniform Firearms Act[3] for the shooting death of Kareem Sephes ("Sephes"). That same day, Petitioner was sentenced to life imprisonment for the murder conviction and to a concurrent term of two-and-a-half to five years for the firearms conviction.

The factual background and procedural history underlying Petitioner's request for *habeas* relief are aptly described in both the R&R and the Superior Court's opinion denying Petitioner's direct appeal. The evidence underlying Petitioner's convictions was summarized by the Superior Court as follows:

> On November 7, 2005, around 8:00 p.m., Kareem Sephes [hereinafter "Sephes"] and [Petitioner] got into a fistfight. Sephes was sixteen years old at the time and [Petitioner] in his twenties. There was evidence indicating the fight started over comments made at an earlier fight between youngsters in the neighborhood. A number of people gathered around the fight, including Kareem's twin brother, Kalil Sephes [hereinafter "Kalil"], Hakim Price [hereinafter "Price"], Lamar Robinson [hereinafter "Robinson"], and Dominique Taylor [hereinafter "Taylor"]. Although younger than [Petitioner], Sephes apparently got the better of Petitioner in the fight. Another person joined in the fight, hitting Sephes. Since most of the people surrounding the fight were friends of Sephes, this provoked a free-for-all with the person who intervened getting knocked down and stomped.
>
> As the fistfight wound down, [Petitioner] produced a handgun. [As people fled,] Petitioner took aim at the fleeing Sephes, and fired multiple shots. One of

---

[2] As defined by 18 Pa. Cons. Stat. Ann. § 2501.
[3] As defined by 18 Pa. Cons. Stat. Ann. § 6106.

those shots struck Sephes in the back [. . .]. The police arrived on the scene very quickly and, rather than wait for an ambulance, transported Sephes to the hospital in a police car. Sephes died shortly thereafter.

Price, Robinson, Taylor, and Kalil all gave statements to the police describing what happened. Price, Robinson, and Kalil identified [Petitioner] from a photographic lineup. Taylor never identified the shooter other than to say it was the same person fighting Kareem Sephes. Kalil testified at the preliminary hearing, gave an account of the fight and the shooting, and that he identified [Petitioner] as the shooter from the lineup and in court.

Based upon the identifications provided by the witnesses, the police obtained an arrest warrant for [Petitioner], who was tracked down in New Jersey. On February 2, 2006, when police arrived at the second-floor apartment where Petitioner was staying, [Petitioner] jumped out of a bedroom window and attempted to flee. He was caught a short time later near the banks of the Newton Lake. Petitioner was extradited to Philadelphia where he stood trial.

[At trial,] Price and Robinson "went south" and denied making statements to the police or identifying Petitioner as the gunman. Kalil Sephes apparently fled just prior to the trial and could not be located. Due to his unavailability, Kalil's preliminary hearing testimony, wherein he identified [Petitioner] as the person who was fighting his brother and as the gunman, was read into the record. In a "blurt out" statement made during the preliminary hearing, [Petitioner] admitted to being the person fighting Kareem Sephes, but denied shooting him.

At trial, Assistant District Attorney Carlos Vega testified regarding his interview with Price the night before, which disputed Price's trial testimony and that Price feared testifying. Police Officer Andrew Jericho testified that Price spoke to him at the scene and, at the time, was very upset, jumping up and down, screaming, "they shot my boy." After settling down a bit, Price then told the officer what he had witnessed.

See *Commonwealth v. Davis*, 560 EDA 2008, slip op. at 2-4 (Pa. Super. Ct. June 12, 2009).

Petitioner timely filed a direct appeal of his conviction to the Pennsylvania Superior Court, in which he argued that insufficient evidence was presented to support his conviction, and that the trial court made numerous erroneous evidentiary rulings. The appeal was denied.[4]

---

[4] On June 12, 2009, the Superior Court rejected Petitioner's arguments, and affirmed the trial court's judgment and sentence. On June 10, 2010, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal.

3

On March 15, 2011, Petitioner filed a timely petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), alleging that trial counsel was ineffective in failing to request a complete voluntary manslaughter instruction and, thus, his Sixth Amendment rights under the United States Constitution were violated.[5] The PCRA court dismissed the petition without a hearing on the basis that the petition presented no meritorious claims or genuine issues of material facts.

Petitioner timely appealed, and on August 1, 2012, the PCRA court filed its Rule 1925(a) opinion which affirmed the dismissal of the PCRA petition on the basis that Petitioner's ineffective assistance of counsel claim lacked merit. On May 17, 2013, the Superior Court affirmed the dismissal of Petitioner's PCRA petition. Petitioner's application for reargument *en banc* was denied on July 10, 2013. Thereafter, Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied.

On July 8, 2014, Petitioner filed his *habeas corpus* petition. In the *habeas* petition, Petitioner asserts two claims: (1) that his trial counsel was constitutionally ineffective for failing to demand that the trial court instruct the jury on imperfect self-defense; and (2) that the trial court's decision to allow the prosecution to introduce certain testimony from Commonwealth witnesses Vega, Jericho and Kalil Sephes violated his Sixth Amendment right to confrontation. In the R&R, the Magistrate Judge comprehensively addressed Petitioner's *habeas* claims, and recommended that the petition be denied.

Petitioner timely filed objections to the R&R, and argued that the Magistrate Judge incorrectly concluded that (1) Petitioner's trial counsel was not ineffective, despite counsel's

---

[5] The Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, provides the exclusive means by which convicted individuals in Pennsylvania can collaterally challenge their convictions in state court after exhausting or failing to assert their direct appeal rights. *See* 42 Pa. Cons. Stat. § 9542; *see also McCabe v. Pennsylvania*, 419 F. Supp. 2d 692, 695 (E.D. Pa. 2006) (stating criteria for eligibility).

failure to challenge the trial judge's refusal to instruct the jury on the "mistaken belief," otherwise known as the "imperfect self-defense," prong of the lesser-included offense of voluntary manslaughter; and (2) that the trial court did not deprive Petitioner of his rights under the Fourteenth and Sixth Amendments of the United States Constitution when, over the objections of counsel, the court admitted (a) the trial testimony of Vega and Jericho, and (b) the preliminary hearing testimony of Kalil Sephes.

**LEGAL STANDARDS**

In order to seek federal *habeas corpus* relief, a petitioner must first exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . ."). To meet this exhaustion requirement, a petitioner must have "fairly presented" each *habeas* claim "in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state court has refused or would refuse to review a claim based on a state procedural rule that is independent of the federal question and adequate to support the judgment, the court may deny that claim as procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 729, 731-32 (1991). If one or more of petitioner's federal *habeas* claims are procedurally defaulted, "federal *habeas* review of [the procedurally defaulted claim] is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

If a claim has been fully exhausted and is not procedurally defaulted, a *habeas corpus* petition filed by a state prisoner pursuant to § 2254 may only be granted if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

To establish that the state court decision was "contrary to" federal law, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) (emphasis in original). Similarly, a federal court may only find a state court decision to be an "unreasonable application" of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.* at 890.

Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "This presumption of correctness applies to factual determinations of both state trial and appellate courts." *Lewis v. Horn,* 581 F.3d 92, 111 (3d Cir. 2009). Consequently, a *habeas* petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001). That is, "the requirements of 2254(d) are difficult to meet," *Johnson v. Williams*, 133 S. Ct. 1088, 1091

6

(2013), as this section "sharply limits the circumstances in which a federal court may issue a writ of habeas corpus to a state prisoner." *Id*. at 1094.

Finally, when considering objections to a magistrate judge's report and recommendation, a district court must conduct a *de novo* review of only the contested portions of the R&R. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific. *Goney*, 749 F.2d at 6. In conducting its *de novo* determination, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7. Objections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review. *Becker v. Tennis*, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011) (declining to address contentions included in petitioner's objections, concluding that they are "nothing more than a restatement of the underlying claims contained in his petition") (citing *Morgan v. Astrue*, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)); *see also Nghiem v. Kerestes*, 2009 WL 960046, at *1 n.1 (E.D. Pa. Apr. 3, 2009) (declining to engage in additional review of objections where the objections merely re-articulated all the claims and theories for relief that were addressed and dismissed by the magistrate judge).

**DISCUSSION**

With these principles in mind, this Court will address Petitioner's two objections to the R&R. At the outset, this Court notes that Petitioner's objections merely rehash the same

arguments he made in his *habeas* petition, and, as such, are not entitled to *de novo* review. However, in the interest of judicial economy, this Court will address each objection in turn.

*First Objection*

In the Petitioner's first objection, Petitioner contends that the Magistrate Judge erred in finding that trial counsel was not ineffective for not objecting or insisting that the trial court charge the jury with a complete voluntary manslaughter instruction, including the "mistaken belief," otherwise known as the "imperfect self-defense," prong of the offense. This argument was raised in Petitioner's PCRA petition, and rejected by both the PCRA court and the Superior Court, which held that a jury instruction on an imperfect self-defense was not warranted, *in part*, because Petitioner was directly responsible for provoking the initial conflict with the victim and escalating it. Petitioner argues, however, that these conclusions were based on an unreasonable determination of the facts in light of the testimony presented at trial and, therefore, pursuant to the standards articulated in 28 U.S.C. § 2254(d)(2), his petition should be granted.

When addressing the merits of ineffective assistance of counsel claims on *habeas* review, the "clearly established federal law" applicable to such claims is the familiar two-pronged inquiry articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Williams v. Taylor,* 529 U.S. 362, 363 (2000). Thus, to sustain an ineffectiveness assistance of counsel claim, a petitioner must show that counsel's performance was objectively deficient, and that this deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. To establish that counsel was deficient requires the petitioner to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To show prejudice, the petitioner must make a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*; *see also Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must demonstrate a

8

reasonable probability that, but for the unprofessional errors, the result would have been different."). However, a court must defer to counsel's tactical decisions, avoiding "the distorting effects of hindsight," and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Gov't of the V.I. v. Weatherwax*, 77 F.3d 1425, 1431 (3d Cir. 1996). Under the *Strickland* standard, "counsel cannot be held ineffective for failing to raise a claim that is without merit or futile." *Boston v. Mooney*, 2015 WL 6674530, at *12 (E.D. Pa. Jan. 9, 2015) (internal citations omitted).

Where the state court has denied an ineffectiveness claim on its merits, a *habeas* petitioner must show the state court's decision was "objectively unreasonable." *Renico v. Lett*, 559 U.S. 766, 773 (2010); *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

Here, Petitioner advances no argument in either his objections or *habeas* petition, nor can he, that the Superior Court decision affirming the denial of PCRA relief is contrary to extant United States Supreme Court precedent, or that the test applied by the state court is inconsistent with the federal test established in *Strickland* and its progeny. In its ruling dismissing Petitioner's PCRA petition, the PCRA court correctly considered and applied the governing test for ineffective assistance of counsel claims announced in *Commonwealth v. Pierce,* 527 A.2d 973 (Pa. 1987) ("the *Pierce* test"). The Third Circuit Court of Appeals has determined that the *Pierce* test conforms to established federal law and is "not contrary to the *Strickland* test." *Henderson v. DiGugliemo*, 138 F. App'x 463, 468 (3d Cir. 2005); *Werts*, 228 F.3d 178, 203 (3d

Cir. 2000) (recognizing that the *Pierce* test as materially identical to the *Strickland* test). Hence, the PCRA Court's decision, which was affirmed by the Superior Court, is not "contrary to" the test established in *Strickland*.

However, this Court's analysis is not complete as it must now determine whether the Superior Court's decision reflects an unreasonable application of the *Strickland* test. In this regard, Petitioner "must demonstrate that 'the state court decision evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland*.'" *Werts*, 228 F.3d at 204. In addressing Petitioner's claim that counsel failed to demand that the jury be instructed on imperfect self-defense,[6] the PCRA court found that the evidence presented at trial demonstrated that it was Petitioner, and not the victim, who started the conflict, escalated it by brandishing a handgun, and then shot at the fleeing victim. The PCRA court further found that trial counsel *had* requested an imperfect self-defense instruction and the trial court properly refused. The PCRA court correctly concluded that trial counsel was under no obligation to press further for the instruction. Under these circumstances, Petitioner suffered no prejudice as a result of counsel's failure to demand an unfounded jury charge.

Following a review of the entire record, this Court concludes that the Magistrate Judge thoroughly discussed and correctly rejected Petitioner's ineffective assistance of counsel claim on this ground. Under Pennsylvania law, a defense of imperfect self-defense exists where a defendant sincerely, but unreasonably, "believed himself to be in imminent danger of death or

---

[6] Under Pennsylvania law, a defendant charged with murder may be convicted of voluntary manslaughter, a lesser included offense, "if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title, but his belief is unreasonable." 18 Pa. Cons. Stat. § 2503(b). The so-called imperfect self-defense voluntary manslaughter requires that the defendant have a subjective belief that the circumstances justify the killing, although that belief is objectively unreasonable. *Commonwealth v. Carter*, 466 A.2d 1328, 1332 (Pa. 1983). The justifications under Chapter 5 of Title 18 include both self-defense, 18 Pa. Cons. Stat. § 505, and defense of another, 18 Pa. Cons. Stat. § 506.

serious bodily harm [at the time of the victim's death] and that it was necessary to use deadly force against the victim in order to prevent such harm." *Commonwealth v. Washington,* 692 A.2d 1024, 1028 (Pa. 1997); 18 Pa. Const. Stat. Ann. § 2503(b).  The evidence presented at trial showed that at the time Petitioner brandished the firearm, he was not in fear of an imminent danger of death or serious bodily harm, as the fight was winding down.  He used unreasonable force against the unarmed, fleeing victim.  Clearly, firing six shots at an unarmed man who was running away is more force than would have been necessary for anyone to defend oneself or another.  The evidence of record cannot support a claim that Petitioner had a belief, reasonable or unreasonable, that he was defending himself or another under existing Pennsylvania law.  *See Commonwealth v. Sacco,* 98 Pa. Super. 347, 350-51 (1929) (finding that a defendant's use of a knife to repel a bare-fisted attacker was excessive deadly force that precluded a claim of self-defense); *Commonwealth v. Jones,* 332 A.2d 464, 466 (Pa. Super. Ct. 1974) (same); *see also Commonwealth v. Coleman*, 496 A.2d 1207, 1209 (Pa. Super. Ct. 1985) (finding trial court has no obligation to give self-defense charge when evidence presented at trial showed defendant and victim engaged in mutual combat).  As noted by the PCRA court, Petitioner's conduct did not meet the requirement that a defendant invoking unreasonable belief of self-defense must be without fault in provoking or continuing the difficulty that resulted in the slaying.  *See Commonwealth v. Soto*, 657 A.2d 40, 43 (Pa. Super. Ct. 1995).  The evidence of record overwhelmingly established that Petitioner was directly responsible for initiating, continuing, and escalating the conflict between him and the victim.

Since an imperfect self-defense instruction lacked evidentiary support, Petitioner cannot show that the state courts' application of *Strickland/Pierce* standards was unreasonable.  As noted, Petitioner's trial counsel was under no obligation nor did counsel have grounds to object

to an instruction not given, or insist that the instruction be given. *See* R&R at 12; *Strickland*, 466 U.S. at 691; *Holland v. Horn*, 150 F. Supp. 2d 706, 730 (E.D. Pa. 2001) (holding that it is well-established that counsel cannot be ineffective for failing to raise a meritless claim). Nor has Petitioner demonstrated that there was a reasonable probability that, but for trial counsel's alleged error, the results of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. As such, Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the state courts' rejection of his ineffective-assistance-of-counsel claim was based upon either an unreasonable application of *Strickland* or an unreasonable determination of the facts in light of the evidence presented at the trial. Accordingly, Petitioner's objection lacks merit and is, therefore, overruled.

*Second Objection*

Petitioner argues that the Magistrate Judge erred in concluding that the admission of certain testimony at trial did not violate his rights of confrontation and due process of law, as secured by the Sixth and Fourteenth Amendments. Although the basis of this objection is not entirely clear, Petitioner appears to renew his contention that the trial court's admission of testimony tendered by two Commonwealth witnesses, Assistant District Attorney Carlos Vega and Philadelphia Police Officer Andrew Jericho, violated his constitutional due process and confrontation rights. Because Petitioner had not previously raised this claim as one of either a federal due process or a confrontation clause violation, but instead had argued Vega's and Jericho's testimony was irrelevant and inadmissible hearsay, the Magistrate Judge found these claims were procedurally defaulted. This Court agrees.

At trial, the prosecutor called as witnesses Assistant District Attorney Vega and Officer Jericho to testify to prior out-of-court statements made by witness Price, who had implicated

Petitioner as Kareem Sephes' shooter.  Petitioner objected to their testimony at trial, and, on appeal, renewed his objections arguing that the admission of this testimony violated state evidentiary rules.  Nowhere in his direct appeal did Petitioner frame this claim in constitutional terms or allege a violation of a federal constitutional right.  Accordingly, Petitioner has not exhausted these claims for the purposes of *habeas* review.  *See Picard v. Connor,* 404 U.S. 270, 278 (1971) (requiring a *habeas* claim to be the "substantial equivalent" of that presented to the state courts to be deemed exhausted); *Ross v. Petsock,* 868 F.2d 639, 641 (3d Cir. 1989) (interpreting substantial equivalence to mean that both the legal theory and the facts on which a federal claim rests must have been presented to the state courts); *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).

Further, because these specific claims were not exhausted and Petitioner can no longer attain relief in Pennsylvania courts,[7] the Magistrate Judge correctly concluded that these claims are procedurally defaulted.  *See* R&R at 13-14.  Petitioner has neither "demonstrate[d] cause for the default and actual prejudice as a result of the alleged violation of federal law" nor "demonstrate[d] that failure to consider the claims will result in a fundamental miscarriage of justice," as is his burden.  *Coleman*, 501 U.S. at 750.  Petitioner does not object to this finding, and there appears to be no error in this portion of the R&R.  Accordingly, this Court agrees with the Magistrate Judge that these claims are procedurally defaulted.

The second prong of this objection concerns Petitioner's claim that the trial court violated his due process and confrontation clause rights when it allowed the prosecution to introduce

---

[7]  State relief is no longer available to Petitioner on either of these claims.  Under Pennsylvania law, a PCRA petition must be filed within one year of the date the judgment of a petitioner's sentence becomes final.  42 Pa. Cons. Stat. Ann. § 9545(b).  Petitioner's sentence became final on June 10, 2010, when the Pennsylvania Supreme Court denied his petition for allowance of appeal.  Accordingly, a new PCRA petition raising these claims would be deemed time-barred.  *See id.*; *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that the time limits under § 9545(b) are mandatory and jurisdictional in nature, and not subject to any equitable exceptions).

Kalil Sephes's preliminary hearing testimony at trial. In her R&R, the Magistrate Judge concluded that (1) any colorable due process claim arising from the introduction of this testimony was procedurally defaulted for the purposes of *habeas* review because Petitioner did not fairly present this claim to the state courts, and (2) that Petitioner's confrontation clause claim, although procedurally exhausted, lacked merit because the trial court had correctly concluded that the introduction of Kalil Sephes's preliminary hearing testimony met all the requirements of Pennsylvania Rule of Evidence 804(b)(1). This Court agrees with the Magistrate Judge's conclusions.[8]

The record reveals that Petitioner fairly presented a confrontation clause claim in the state courts although he did not explicitly reference the federal constitution or statutes. *See McCandless*, 172 F.3d at 261-62 (restating the four ways identified in *Daye v. Attorney General of New York,* 696 F.2d 186 (2d Cir. 1982) that a *habeas* petitioner can fairly present, and thus exhaust, a constitutional claim without citing the federal constitution or federal law). In his statement of errors complained of on direct appeal, Petitioner argued that the Commonwealth failed to prove that Kalil Sephes was unavailable and/or that Petitioner had an adequate opportunity to cross-examine Kalil Sephes. Accordingly, although Petitioner did not explicitly raise this error as a confrontation clause violation or "cit[e] chapter and verse of the [federal] Constitution," *Daye*, 696 F.2d at 194, Petitioner did assert his claim "in terms so particular as to call to mind a specific right protected by the Constitution." *McCandless*, 172 F.3d at 261

---

[8] In his objections, Petitioner does not challenge the Magistrate Judge's conclusion that this due process claim is procedurally defaulted because Petitioner did not fairly present this claim to the state courts. When no objections are filed to a particular portion of an R&R, this Court is not required to review the findings made in that portion *de novo*. *See Goney*, 749 F.2d at 6 (holding that a petitioner is required to file "timely and specific objections" to an R&R to "obtain a *de novo* determination of a magistrate's findings by a district court"); *Thomas v. Arn,* 474 U.S. 140, 151-52 (1985) (holding that when no objections are filed to a magistrate judge's report and recommendation, a district court has discretion to review that report as it deems appropriate). This Court has reviewed the Magistrate Judge's findings, and has found no error with the Magistrate Judge's conclusion that Petitioner's due process claims are procedurally defaulted. Accordingly, this portion of the R&R is adopted without further analysis by this Court.

(quoting *Evans v. Ct. of Common Pleas, Del. Cty., Pa.,* 959 F.2d 1227, 1232 (3d Cir. 1992)). Clearly, Petitioner's challenge was more sweeping than simply opposing a state law evidentiary ruling. When ruling on Petitioner's challenge to the use and introduction of the preliminary hearing testimony, the state court did not explicitly indicate that it was evaluating a federal confrontation clause claim. However, the court's reliance on state court precedent, notably *Commonwealth v. Bazemore,* 614 A.2d 684 (Pa. 1992), that thoroughly discusses the introduction of a now-unavailable witness's prior testimony as offensive to the constitutional right to confrontation suggests that the state court was aware that Petitioner was raising a federal claim. Accordingly, this Court agrees with the Magistrate Judge's conclusion that Petitioner fairly presented this claim to the state courts, and, therefore, has exhausted his available state remedies as to this claim.

Turning to the merits of the objection, Petitioner argues that the state court's finding that Kalil Sephes was unavailable at trial was contrary to, or constituted an unreasonable application of federal law and, therefore, warrants *habeas* relief. Petitioner essentially renews the same argument made in his *habeas* petition—that the prosecution did not make diligent efforts to locate Kalil Sephes before trial to establish he was unavailable and, therefore, the introduction of his preliminary hearing testimony violated his Sixth Amendment rights.

Upon a careful review of the state court record, this Court agrees with the Magistrate Judge that the state court's factual finding that Kalil Sephes was unavailable at trial is entitled to deference under the AEDPA. In the analysis, the Magistrate Judge noted that:

> [t]he Confrontation Clause of the United States Constitution allows a defendant the right to confront the witnesses against him. U.S. Const. amend. VI. A testimonial statement of a witness who does not appear at trial may not be admitted at trial unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). The prosecution must undertake a reasonable good faith effort to locate the witness before a court will

declare the witness unavailable for purposes of admitting prior testimony. *Ohio v. Roberts*, 448 U.S. 56, 74-75 (1980). A defendant's interest in confrontation is heightened where the absent witness is an accomplice or has a substantial reason to cooperate with the prosecution. *McCandless,* 172 F.3d at 266.

Pennsylvania Rule of Evidence ("Rule") 802 further provides that "hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa. R. Evid. 802. Rule 804 provides exceptions to the general rule against hearsay; notably, *to wit*: a declarant is considered unavailable as a witness if the declarant refuses to testify about a subject matter despite a court order to do so or is absent from trial. *See* Pa. R. Evid. 804(2), (5). This rule further provides for the use of the prior testimony of an unavailable witness where the party against whom it is being offered had an opportunity to cross-examine the declarant. As the commentary to the Rule noted, in *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court, overruling its prior opinion in *Ohio v. Roberts*, 448 U.S. 56 (1980), interpreted the confrontation clause to prohibit the introduction of "testimonial" hearsay from an unavailable witness against a defendant in a criminal case unless the defendant had an opportunity to confront and cross-examine the declarant, regardless of its exception from the hearsay rule and a limited exception thereto.

Here, the trial judge found that Kalil Sephes' preliminary hearing testimony met the criteria for admission under Rule 804(b)(1), the former testimony hearsay exception. In consideration of Petitioner's confrontation clause claim on appeal, the Superior Court applied the appropriate standards of Rule 804(b)(1) and summarized the diligent efforts made by the prosecution to obtain Kalil Sephes' presence at trial. The Superior Court also found that there was no indication that Petitioner was denied a full and fair opportunity to cross-examine Kalil Sephes at his preliminary hearing before concluding that Kalil Sephes' preliminary hearing testimony was properly admitted under Rule 804(b)(1). Accordingly, this Court agrees with the

Magistrate Judge's conclusion that the state court's rejection of Petitioner's confrontation clause claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner's objection is, therefore, overruled.

**CONCLUSION**

For the reasons stated herein, Petitioner's objections to the Report and Recommendation lack merit and are overruled. Consequently, the Report and Recommendation is approved and adopted, and Petitioner's petition for a writ of *habeas corpus* is denied. Because reasonable jurists would not debate the disposition of Petitioner's claims, a certificate of appealability is denied.[9] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[9] In his motion, Petitioner asserts that "other jurists would possible feel that these issues have merit and are deserving of review." [ECF 13 at 1]. Petitioner does not provide any legal or factual support for this contention. This Court, after its thorough review of the record, disagrees with Petitioner's contention. Thus, Petitioner's motion is denied.